UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11

    GEORGINA FALU CO, LLC,                      Case No.: 23-11004-mew

                      Debtor.
-----------------------------------------------------------x

**AFFIDAVIT OF AVRUM J. ROSEN, ESQ. IN SUPPORT OF THE DEBTOR'S APPLICATION FOR LEAVE TO EMPLOY THE LAW OFFICES OF AVRUM J. ROSEN, PLLC AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF OCTOBER 11, 2023, AND TO PERMIT THE PAYMENT OF A <u>POST-PETITION RETAINER</u>**

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF SUFFOLK    )

        Avrum J. Rosen, an attorney at law duly admitted to practice before this Court affirms the following under penalty of perjury:

        1.        I am a member of the Law Offices of Avrum J. Rosen, PLLC ("<u>AJR</u>") and make this affidavit in support of the application of Georgina Falu Co, LLC, the debtor and debtor in possession (the "<u>Debtor</u>"), for an order authorizing the Debtor to retain AJR as its counsel, effective as of October 11, 2023, and to permit the payment of a post-petition retainer by the Debtor in the amount of $10,000.00.

        2.        I am admitted to practice before this Court and am qualified to represent the Debtor in all matters pertaining to the administration of the case. Bankruptcy law presently constitutes ninety (90%) of AJR's practice.

        3.        The undersigned is the attorney who will bear primary responsibility for the representation of the Debtor.

        4.        The undersigned has read and is generally familiar with Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") together with current amendments, the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and this Court's Chamber's Rules.

5. The services rendered or to be rendered include the following:

   i. analysis of the financial situation, and rendering advice and assistance to the Debtor in determining whether to file a petition under the Bankruptcy Code;

   ii. preparation and filing of the amended schedules, statement of financial affairs and other documents required by the Court;

   iii. representation of the Debtor at the meeting of creditors;

   iv. preparation of motions, documents and applications in connection with the case; and

   v. rendering legal advice to the Debtor in connection with all matters pending before the Court.

6. The undersigned is competent to represent the interest of the entity on whose behalf representation is now sought in all proceedings now pending or which may reasonably be expected.

7. The undersigned does not hold or represent an interest adverse to the Debtor or to the estate and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code.

8. As the result of inquiries, deponent believes that AJR and the undersigned have no connection with any creditor or interested party. AJR performs a conflict search from memory, a word search of the Debtor, its members and creditors and adverse parties on its client files and through the conflict software on its TimeSlips software. AJR has no connection with the Office of the United States Trustee or any person employed in the Office of the United States Trustee. In addition, AJR is not related to or has any connection to the Bankruptcy Judges in the Southern District of New York or their staff.

9.  AJR and Avrum J. Rosen do not hold or represent any interests adverse to this estate or to the Debtor, and AJR and Avrum J. Rosen are disinterested as that term is defined in section 101(14) of the Bankruptcy Code.

10. As set forth in the application, the Debtor entered into a retainer agreement with AJR whereby the Debtor agreed to remit the sum of $10,000.00 to AJR representing AJR's initial retainer in this case. As of the filing of the application, the Debtor has remitted the sum of $3,000.00, with the balance in the amount of $7,000.00 to be paid within approximately thirty (30) days from October 11, 2023. The $3,000.00, together with all payments remitted by the Debtor, will be held in AJR's escrow account, subject to an order of this Court authorizing the Debtor to retain AJR as its counsel and authorizing AJR to accept the entry of a post-petition retainer from the Debtor. The circumstances of this case warrant authorization of a post-petition retainer under the factor's established by *In re Troung*, 259 B.R. 264 (Bankr. D.N.J. 2001) and for the reasons set for the in the application.

**WHEREFORE**, your deponent respectfully requests that the Court enter an order: (i) approving and authorizing the employment of AJR as attorneys for the Debtor effective as of October 11, 2023; (ii) permitting the payment of a post-petition retainer to AJR in the amount of $10,000.00; together with (iii) such other, further and different relief as this Court may deem just, proper and equitable.

*/s/ Avrum J. Rosen*  
Avrum J. Rosen

Sworn to before me this  
19th day of October, 2023

*/s/ Nico G. Pizzo*  
Nico G. Pizzo  
Notary Public State of New York  
Qualified in Suffolk County  
No. 02PI6384544  
Commission Exp. 12/17/2026