UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                                                    Chapter 11

    GEORGINA FALU CO, LLC,                                    Case No.: 23-11004-mew

    Debtor.

------------------------------------------------------------x

## DECLARATION OF GEORGINA FALU IN SUPPORT OF DEBTOR'S MOTION TO USE CASH COLLATERAL

Pursuant to 28 U.S.C. § 1746, I, Georgina Falu, declare as follows under penalty of perjury:

1. I am the managing member of Georgina Falu Co, LLC, the debtor and debtor in possession in this Chapter 11 case (the "Debtor"). In that capacity, I am familiar with the Debtor's day-to-day operations, business, and financial affairs.

2. This declaration is made in support of the Debtor's Motion:[1] (i) authorizing the Debtor to use the Cash Collateral of the Trust; and (ii) scheduling a Final Hearing to consider the entry of a Final Order.

3. The Debtor is a New York limited liability company with its corporate office located at 175 W. 95th Street, 25B, New York, New York 10025.

4. The Debtor's primary asset is the real property commonly known as 329 East 118th Street, New York, New York 10035, identified under Block 1795, Lot 16, in the Borough of Manhattan (the "Property"). The Property contains four (4) residential apartments, which the Debtor leases in exchange for rent. Upon information and belief, two of the Debtor's tenants are not paying rent and the Debtor anticipates retaining special landlord-tenant counsel to evict those tenants.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

1

5. On or about September 13, 2017, the Debtor executed a *Semi-Annual Adjustable Term Note* (the "Note") in favor of Velocity Commercial Capital LLC in the original principal amount of $1,050,000.00. To secure repayment of the Note, the Debtor executed a *Commercial Mortgage, Security Agreement and Assignment of Leases and Rents* dated September 13, 2017 (the "Mortgage" and the Note, collectively, the "Loan") encumbering the Property.

6. Thereafter, the Loan was assigned by Velocity Commercial Capital LLC to the Trust by instrument dated May 14, 2018, and recorded on August 16, 2018 under CRFN 2018000276257.

7. On or about January 22, 2019, the Trust commenced an action styled *U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2017-2 against Georgina Falu Co. LLC et al.*, Index No. 850010/2019, in the Supreme Court of the State of New York, County of New York, seeking to, among other things, foreclose on the Mortgage secured against the Property.

8. On or about December 13, 2019, the foreclosure court entered an order granting the Trust's motion for default judgment against the Debtor, myself and the other defendants.

9. On or about August 22, 2022, the foreclosure court entered an order granting the Trust's motion for foreclosure and sale.

10. The Debtor and I subsequently moved to, among other things, vacate our default. By decision and order dated on April 4, 2023, the foreclosure court denied our motion.

11. The Debtor and I have filed an appeal of the April 4, 2023 decision and order. That appeal is currently pending in the Appellate Division, First Department under No. 2023-01863. The Debtor anticipates retaining special foreclosure counsel to prosecute that appeal.

12. Annexed to the Motion is a thirteen (13) week Budget for the Debtor. This initial Budget has been thoroughly reviewed by the undersigned, and sets forth the periods covered thereby, among other things, the Debtor's projected monthly disbursements for each month commencing on November 7, 2023, as well as anticipated income from rental receipts and payment of related expenses.

13. The Debtor's immediate need for the use of cash collateral is based upon, among other things, the Debtor's need to meet its real estate tax obligations, insurance obligations, utility obligations, maintenance expenses, and other operating expenses. By meeting these post-petition, administrative expenses, the Debtor will protect the assets of its creditors and preserve the value of its business as a going concern.

14. The Debtor requests the entry of an Interim Order permitting the use of Cash Collateral, together with such other and further relief as this Court deems just and proper.

Dated: November 21, 2023  /s/ *Georgina Falu*
New York, New York  Georgina Falu