UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              Chapter 11

    GEORGINA FALU CO, LLC,                    Case No.: 23-11004-mew

    Debtor.
------------------------------------------------------------x

### INTERIM ORDER UNDER 11 U.S.C. §§ 105, 361 AND 363 AND FED. R. BANKR. P. 4001 AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO THE LENDER AND SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(B)

Upon consideration of the motion (the "Motion") of Georgina Falu Co, LLC, the debtor and the debtor in possession (the "Debtor"), seeking the entry of an interim order (the "Interim Order") pursuant to sections 105, 361 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Bankruptcy Rules: (i) authorizing the Debtor to use the cash collateral (the "Cash Collateral") of U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2017-2 (the "Trust"), a pre-petition secured lender; (ii) granting adequate protection to the Trust with respect to the use of the Cash Collateral; and (iii) scheduling a final hearing (the "Final Hearing") to consider the entry of a final order (the "Final Order") authorizing the Debtor's use of the Cash Collateral; and the Court having jurisdiction of this Chapter 11 case and to consider the Motion and the relief requested herein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and consideration of the declaration of Georgina Falu, managing member of the Debtor in support of the Motion filed concurrently with the Motion; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as set forth in the Motion; and no other or further notice being

required under the circumstances, and the relief requested in the Motion being in the best interests of Debtor, its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court held on _____ __, 2023 (the "Interim Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing established just cause for the interim relief granted herein; and upon all of the proceedings held before the Court; and after due deliberation and sufficient cause appearing therefor; and after overruling objections to the Motion, if any:

      **IT IS HEREBY FOUND that:**

A.      On June 27, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed in this Chapter 11 case.

B.      This Court has jurisdiction over this Chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought are sections 105, 361 and 363 of the Bankruptcy Code, Rule 4001(b) of the Bankruptcy Rules and LBR 4001-2. Venue of the Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      Good cause has been shown for the entry of this Interim Order. As set forth in the Motion, the Debtor has significant and immediate need for the use of Cash Collateral to satisfy its post-petition operating expenses, including, but not limited to, the payment of property taxes, insurance, and maintenance regarding the property commonly known as 329 East

|     |     |
| --- | --- |
|     | 118th Street, New York, New York 10035, identified under Block 1795, Lot 16, in the Borough of Manhattan (the "<u>Property</u>"). Absent the immediate use of the Cash Collateral, the Debtor and its estate shall suffer immediate and irreparable harm and will not be able to emerge successfully from Chapter 11. |
| D.  | The relief requested in the Motion is necessary, essential, and appropriate in order that the Debtor may continue paying its obligations and preserve the assets of the estate as a going concern. |
| E.  | Based upon the Motion, the Budget (as defined herein), and the record presented to the Court at the Interim Hearing, the terms of the Debtor's use of the Cash Collateral is fair and reasonable and reflect the Debtor's and its respective managing member's exercise of prudent business judgment consistent with their fiduciary duties. |
| F.  | The Trust has an alleged first priority mortgage on the Property as well as a first lien on the Cash Collateral and is entitled to adequate protection. As a result of the entry of this Interim Order, the Trust's interest in the mortgage on the Property as well as its interest in the Debtor's rents and proceeds from the Property shall be adequately protected. |
| G.  | The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). The use of the Cash Collateral as set forth in the accompanying Budget is necessary to avoid immediate and irreparable harm to the Debtor. The Court concludes that entry of this Interim Order is in the best interests of the Debtor, its estate and creditors. |
| H.  | Notice of the Motion has been given to: (i) the Office of the United States Trustee; (ii) the Trust or its counsel; (iii) the Debtor's 20 largest unsecured creditors; and (iv) any party having filed a notice of appearance and demand for service in this Chapter 11 case. |

**IT IS HEREBY ORDERED:**

1.      **The Motion.**  The Motion is granted on an interim basis to the extent set forth herein. All objections to the Motion, to the extent not withdrawn, are hereby overruled.

2.      **Cash Collateral.**      For purposes of this Interim Order, "Cash Collateral" shall consist of all cash collateral (as defined in section 363(a) of the Bankruptcy Code) of the Trust, including the amounts realized by the Debtor from the sale, lease or other disposition or conversion of the Trust's collateral pledged by the Debtor to secure its obligations to those parties.

3.      **Authorization.**       Subject to the terms and conditions herein, the Debtor is authorized to use the Cash Collateral, for the interim period commencing from the date of the entry of this Interim Order through February 5, 2024, in accordance with the Budget and in an amount not to exceed $21,100.00. The Debtor may expend up to an additional 10% per line item in the interim budget but may not expend beyond the additional 10% without Court approval or with the consent of the Trust. The use of the Cash Collateral by the Debtor shall give rise to an obligation by the Debtor for the repayment of the Cash Collateral used.

4.      **Term.** The Debtor's authorization to use the Cash Collateral shall commence as of entry of this Interim Order by the Court and terminate upon the earliest of: (i) February 6, 2024; (ii) entry of a Final Order or a further interim order granting the Debtor's authorization to use the Cash Collateral; or (iii) the occurrence of a Termination Event (as defined herein) (the "<u>Termination Date</u>").  Occurrence of the Termination Date shall terminate the rights of the Debtor to use the Cash Collateral hereunder, but shall not in any manner affect the rights, privileges or other protections afforded by the Trust, or in any manner affect the validity, priority, enforceability or perfected status of a lien or security interest granted for the benefit of the Trust pursuant hereto.

5.1     **Adequate Protection for the Trust.**  (Bankr. R. 4001(b)(1)(B)(iv): As adequate protection for any diminution in the value of the Trust's interest in its collateral resulting from (a)

the Debtor's use of Cash Collateral, (b) use, sale or lease of the Trust's collateral, or (c) the imposition of the automatic stay under section 362(a) of the Bankruptcy Code (the aggregate amount of such diminution is referred to hereinafter as the "Adequate Protection Lien"), the Trust shall receive the following adequate protection: (i) replacement liens to the extent of any diminution in the value of the collateral as a result of the Debtor's use of cash collateral pursuant to section 361(2) of the Bankruptcy Code (the "Replacement Liens") on all property of the Debtor and its estate, whether now owned or hereafter acquired (collectively, the "Post-petition Collateral"); and (ii) additional liens to the extent required by the pre-petition loan documents (the "Loan Documents") and to the same extent and validity as its pre-petition liens.

     5.2    **Carve Out.** The Adequate Protection Liens shall be subject to the following (collectively, the "Carve Out"): (i) payments of those fees due to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 and any applicable interest thereon under 31 U.S.C. § 3717; (ii) the payment of allowed professional fees and disbursements incurred by the Debtor's professionals retained by an Order of the Bankruptcy Court, and any statutory committee (the "Committee") appointed in this case pursuant to fee orders or any Monthly Compensation Order, and in the event of a default that results in the termination of the Debtor's authorization to use cash collateral, unpaid Professional Fees and Disbursements incurred prior to delivery of a carve out trigger notice (the "Carve Out Trigger Notice") in accordance with the Budget not to exceed the sum of $25,000.00; (iii) any recoveries in favor of the estate pursuant to Chapter 5 of the Bankruptcy Code; and (v) any amounts allowed by the Court as fees and expenses of a trustee appointed under section 726(b) of the Bankruptcy Code in an amount not to exceed $10,000.00.

     5.3    The Replacement Liens granted to the Trust shall become valid, enforceable and fully perfected liens without any action by the Debtor or the Trust, and no filing or recordation or

other act that otherwise may be required under federal or state law in any jurisdiction shall be necessary to create or perfect such liens and security interests. If the Trust, hereafter reasonably requests that the Debtor execute and deliver to it financing statements, security agreements or other instruments or documents considered to be necessary or desirable to further evidence perfection of the liens and security interests granted herein, the Debtor is hereby authorized to execute and deliver such documents.

5.4     The Replacement Liens granted by this Interim Order shall survive the entry of any order: (i) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (ii) dismissing this Chapter 11 case; (iii) appointing a Chapter 11 trustee or examiner with expanded powers; and the Replacement Liens granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of such an order, and such Replacement Liens shall maintain any priority granted in this Interim Order.

5.5     The Interim Order shall be without prejudice to any party to seek any further application for other or further adequate protection or relief or modification of the automatic stay or any other rights, claims or privileges of any type.

6.     **Term and Restrictions.**     The Debtor's authorization to use the Cash Collateral shall be subject to the following terms and restrictions:

6.1     From the entry of this Interim Order and continuing until the Termination Date, the Trust shall be entitled, upon ten (10) business day's written notice, at any time during the Debtor's normal business hours, the right to inspect, audit, examine, check, make copies of or extract from the books and records of the Debtor, and monitor the collateral, and the Debtor shall make all of the same reasonably available to the Trust and its representatives, for such purposes.

6.2     The Debtor shall undertake to keep the collateral fully insured against all loss, peril and hazard and make the Trust the additional insured in any such insurance policy maintained by the Debtor as to the collateral. The Debtor shall timely pay any and all undisputed post-petition taxes, assessments and governmental charges with respect to the collateral as provided for under the Loan Documents. The Debtor, at the request of the Trust, shall provide proof of insurance, and will give proof of any reasonable requested changes within five (5) business days of written demand and will give the Trust reasonable access to its records in this regard.

7.      **Termination Events.**      Each of the following shall constitute a "Termination Event" with respect to the authorization of the Debtor to use the Cash Collateral, unless waived by the Trust.

7.1     The Chapter 11 case has been dismissed or converted to a Chapter 7 case under the Bankruptcy Code, or there shall have been appointed in the Chapter 11 case, a trustee or an examiner with expanded powers beyond the authority to investigate particular activities of the Debtor.

7.2     The Debtor files a motion seeking to modify, vacate, stay, supplement or amend the terms of this Interim Order without the prior written consent of the Trust.

7.3     This Interim Order is modified, vacated, stayed, supplemented, reversed, or is for any reason not binding on the Debtor, without the prior written consent of the Trust.

7.4     The Debtor fails to perform, in any material respect, any of the terms, provisions, conditions, covenants, or obligations under this Interim Order.

7.5     The Debtor expends more than 110% of the Budget, unless caused by an increase in business by the Debtor.

7.6     There is at any time a material inaccuracy in any financial report or certification provided by the Debtor to the Trust.

8.     **Remedies.**  The Trust shall provide the Debtor, counsel for any Committee (and if no Committee is appointed, the 20 largest creditors of the Debtor and the Office of the United States Trustee, with written notice of the occurrence of a Termination Event (the "Remedies Notice"). Upon the expiration of ten (10) business days after the Debtor, counsel for the Committee (and if no Committee is appointed, the 20 largest creditors of the Debtor) and the U.S. Trustee's receipt of the Remedies Notice, and the Debtor has failed to cure the alleged Termination Event, the automatic stay provisions of section 362 of the Bankruptcy Code shall be deemed vacated and modified to the extent necessary to permit the Trust to exercise its rights and remedies against the Debtor and its collateral, including, but not limited to, its right to setoff against any existing Cash Collateral. The Debtor's right to use the Cash Collateral shall terminate upon the expiration of the ten-day cure period.

9.     **Preservation of Rights.**     This Interim Order does not contain an acknowledgment by the Debtor as to the validity, enforceability and amount of any secured obligation and security interest.  The Debtor expressly reserves its rights in that regard.

10.     **Binding Effect.**     The provisions of this Interim Order shall be binding and inure to the benefit of the Trust, the Debtor and its estate, and any trustee that may be subsequently appointed in this Chapter 11 case or in any superseding Chapter 7 case.  In the event that any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court, no such modification, amended or vacatur shall affect the validity, enforceability or priority of any lien or claim authorized or created hereby.

11. **No Third-Party Beneficiaries.** The Trust shall not be liable to any third parties (including any and all creditors of the estate or the Debtor who may have administrative claims within the Budget) and no such third parties are intended to or shall be deemed to be beneficiaries of the provisions of this Interim Order.

12. **Modification of the Automatic Stay.** The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation to: (i) grant the Adequate Protection Liens; (ii) permit the Debtor to perform such acts as the Trust may reasonably request to assure the perfection of the liens granted herein; (iii) permit the Debtor to incur all liabilities and obligations to the Trust under this Interim Order; and (iv) permit the Trust to exercise its rights and remedies as provided for herein.

13. **Binding Effect of Interim Order.** This Interim Order shall constitute findings of fact and conclusions of law immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary, including Bankruptcy Rule 6004(h), 7062, or 9014 or Rule 62(a) of the Federal Rules of Civil Procedure), the terms and provisions of this Interim Order shall be effective as of the entry of this Interim Order, become valid and binding upon and inure to the benefit of the Debtor, the Trust, and any committee that may be appointed in this Chapter 11 case, and all other parties in interest, including any trustee or other fiduciary hereafter appointed in this Chapter 11 case, any successor Chapter 11 case, or upon dismissal of the Chapter 11 case. In the event of any inconsistency between these provisions of this Interim Order and any other "first day" order or any loan or other agreement, the provisions of this Interim Order shall govern and control.

14. The Final Hearing to consider the entry of a Final Order on the Motion shall be held on _____ \_\_ **at \_\_:\_\_ a.m./p.m.**, before the Honorable Michael E. Wiles.

15. The Final Hearing before Judge Wiles will be conducted by telephone. Parties wishing to participate at the Final Hearing must register with Court Solutions. Parties may register with Court Solutions at www.court-solutions.com.

16. The Debtor shall serve a copy of this Interim Order by first class mail upon: (i) the Office of the United States Trustee; (ii) the Debtor's 20 largest unsecured creditors; (iii) the Trust or its counsel; and (iv) any party having filed a notice of appearance in the case, on or before _____, **2023**.

17. The Debtor shall file an affidavit of service attesting to service of this Interim Order by no later than _____, **2023**.

18. Objections, if any, to the relief sought in the Final Order, must be in writing, conform with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than _____, **2023** as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nysb.uscourts.gov/ and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**13 Week Revenue and Expense Budget**

| | Aug 9-Aug 15 | Aug 16-Aug 22 | Aug 23-Aug 29 | Aug 30-Sep 5 | Sep 6-Sep 12 | Sep 13-Sep 19 | Sep 20-Sep 26 | Sep 27-Oct 3 | Oct 4-Oct 10 | Oct 11-Oct 17 | Oct 18-Oct 24 | Oct 25-Oct 31 | Nov 1-Nov 7 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rent | 3,046.00 | 0.00 | 0.00 | 1,429.00 | 546.00 | 2,500.00 | 0.00 | 0.00 | 1,975.00 | 2,500.00 | 0.00 | 0.00 | 4,475.00 | 16,471.00 |
| Cash on Hand | 1,429.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,429.00 |
| Weekly Gross Income | 4,475.00 | 0.00 | 0.00 | 1,429.00 | 546.00 | 2,500.00 | 0.00 | 0.00 | 1,975.00 | 2,500.00 | 0.00 | 0.00 | 4,475.00 | 17,900.00 |
| **Expenses** | | | | | | | | | | | | | | |
| Adequate Protection Payment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -12,191.67 | -12,191.67 |
| Real Estate Taxes | 0.00 | -4,200.00 | 0.00 | 0.00 | -1,400.00 | 0.00 | 0.00 | -1,400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -7,000.00 |
| Property Insurance | 0.00 | 0.00 | 0.00 | -350.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -350.00 | 0.00 | 0.00 | 0.00 | -700.00 |
| Maintainence | 0.00 | 0.00 | -200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -200.00 | 0.00 | 0.00 | 0.00 | -400.00 |
| Emergency Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1,100.00 | 0.00 | 0.00 | 0.00 | 0.00 | -750.00 | 0.00 | 0.00 | -1,850.00 |
| Water & Sewer | -900.00 | 0.00 | 0.00 | 0.00 | 0.00 | -900.00 | 0.00 | 0.00 | 0.00 | -900.00 | 0.00 | 0.00 | 0.00 | -2,700.00 |
| U.S. Trustee Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -250.00 | 0.00 | 0.00 | 0.00 | 0.00 | -250.00 |
| Weekly Operarting Expense | -900.00 | -4,200.00 | -200.00 | -350.00 | -1,400.00 | -2,000.00 | 0.00 | -1,400.00 | -250.00 | -1,450.00 | -750.00 | 0.00 | -12,191.67 | -25,091.67 |
| Weekely Net Operating Income | 3,575.00 | -4,200.00 | -200.00 | 1,079.00 | -854.00 | 500.00 | 0.00 | -1,400.00 | 1,725.00 | 1,050.00 | -750.00 | 0.00 | -7,716.67 | -7,191.67 * |

*The property is currently operating at a loss while the debtor exlpores options to sell or refinance the property