UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GEORGINA FALU CO, LLC, | : | Case No. 23-11004 (MEW) |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

**STIPULATION AND ORDER PROVIDING ADEQUATE PROTECTION AND
RELATED RELIEF WITH RESPECT TO SECURED CLAIM OF THE
U.S. SMALL BUSINESS ADMINISTRATION**

RECITALS:

A.      On June 27, 2023 (the "Petition Date"), the debtor Georgina Falu Co, LLC ("Debtor") commenced its chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.      On or about August 28, 2020, Debtor executed and delivered a Note and other loan documents further to a COVID-19 Economic Injury Disaster Loan ("EIDL") from the U.S. Small Business Administration ("SBA"), in the principal amount of $75,500, which accrues interest at 3.75% per annum with a 30-year repayment term. The EIDL program provides a 30-month payment deferment period from the date of the original note, during which time interest accrues. Accordingly, payments were not due to the SBA by Debtor in connection with the EIDL until February 2023. In February 2023, Debtor was obligated to make monthly payments to the SBA in the amount of $368.00.

C.      As of the Petition Date, the principal balance due to the SBA totaled $83,481.79. This amount consists of $75,500 in principal and $7,919.74 in interest.

D. On or about August 20, 2023, the United States of America (the "Government"), through the SBA, filed a proof of claim (the "Proof of Claim") against Debtor, identified as Claim No. 3-1, on account of the EIDL from the SBA, in the amount of $83,481.79. The Government alleges in its Proof of Claim that the entire sum of $83,481.79 (the "Secured Claim") is secured by a timely and properly filed UCC-1 Financing Statement (the "Prepetition Lien"). The Prepetition Lien was filed by the SBA on September 6, 2020.

E. For purposes of this Stipulation and Order, the term "Cash Collateral" shall mean and include all "cash collateral," as that term is defined by 11 U.S.C. § 363, in or on which the Government has liens that attach and/or a security interest.

F. The Government, on behalf of the SBA, will not consent to Debtor's use of the Cash Collateral except upon the entry of this Stipulation and Order, effective as of the Petition Date.

G. The Government and Debtor agree that, subject to final allowance of the Secured Claim, the Government is entitled to receive adequate protection within the meaning of, and pursuant to 11 U.S.C. § 363(e), for any decrease in the value of the Government's interest since the Petition Date in the Cash Collateral as set forth in this Order.

AGREEMENT:

1. Pursuant to 11 U.S.C. § 363, the Government consents to Debtor's use of the Cash Collateral, and shall receive from Debtor as adequate protection for its interest in the Cash Collateral, the following:

    a) monthly payments of $368.00 (the "Adequate Protection Payment") as adequate protection for any diminution in the value of any collateral

        securing the Secured Claim as a result of the use of Cash Collateral, commencing in the month of the date of entry of this Order. Such payments shall be made on or before the fifteenth day of each calendar month by cash or certified check to the SBA, as agent for the Government, at the address set forth in paragraph 9 of this Order; and

    b)    a valid, enforceable, fully-perfected, security interest (the "Replacement Lien"), effective as of the Petition Date, to the extent of, and as security for any decrease in the value of the Government's interest in the Cash Collateral since the Petition Date in, to, and upon all existing and hereafter-acquired property of Debtor of any kind or nature including, but not limited to, Debtor's real, personal, tangible, and intangible property, as well as any and all proceeds, products, offspring, rents and profits thereof, in the same validity, order and priority as the Prepetition Lien, subject, in accordance with the priority as set forth herein, and subordinate only to United States Trustee fees pursuant to 28 U.S.C. § 1930 and any interest thereon pursuant to 31 U.S.C. § 3717. The Replacement Lien shall not extend to estate causes of action and the proceeds of any recoveries of estate causes of action under Chapter 5 of the Bankruptcy Code.

2.    The Government reserves its rights to assert a superpriority claim pursuant to 11 U.S.C. § 507(b), and Debtor reserves its defenses to such a claim.

3.    The Replacement Lien granted to the Government in this Order shall be in addition to, and not in substitution of, any and all security interests, liens, encumbrances, rights of set-off or other rights of the Government currently existing or hereafter arising. This Order

shall be sufficient and conclusive evidence of the validity of the Replacement Lien, without the necessity of the filing and/or recording of any financing statement(s), mortgage(s), deed(s) of trust, notice(s), or other document(s) that may otherwise be required under the law of any jurisdiction, or the taking of any other action to validate or perfect the security interests and liens granted to the Government in this Order.  The Government may, in its discretion, file a certified copy of this Order in any jurisdiction in which Debtor has or comes to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy.

4. The payments authorized by this Order shall be applied by the Government in its discretion towards the debt relating to the EIDL.

5. Debtor shall promptly provide to the Government any and all financial information reasonably requested by the Government and shall permit the Government, upon prior reasonable notice, to review its books and records with respect to the subject matter of this Order, and make copies thereof during normal business hours.

6. Notwithstanding anything to the contrary herein, the right of Debtor to use the Cash Collateral shall terminate immediately upon the occurrence of any of the following events:

    a) the entry of an order of the Court converting or dismissing the Chapter 11 Case;

    b) the entry of an order of the Court confirming a plan of reorganization in the Chapter 11 Case;

    c) the failure of Debtor (i) to perform any of its obligations under this Order (a "Default"), and (ii) to cure such Default within ten (10) business days after the giving of written notice thereof to Debtor, the United States

      Trustee and any official committee appointed in the Chapter 11 Case by the Government (the "Cure Period");

  d) the amendment, supplementation, waiver, or other modification of all or part of this Order without the Government having been given at least seventy-two (72) hours advance, written notice, by overnight service upon the Government and the SBA (unless otherwise prescribed by the Bankruptcy Court having jurisdiction over Debtor's case) at the addresses set forth in paragraph 8 of this Order, of any hearing with respect thereto. However, in no event shall Debtor seek emergency relief concerning this Order from the Court without the Government having been given at least twenty-four (24) hours advance, actual notice (via telephone, facsimile, or email) at the telephone and facsimile numbers set forth in paragraph 8; and

  e) the termination of all or substantially all of the operations of Debtor, whether by voluntary act(s) or omission(s) of Debtor, or otherwise.

  7. Notwithstanding anything herein to the contrary, nothing contained in this Order shall be deemed to limit the right of any subsequently appointed Chapter 7 trustee to challenge the validity of either the Prepetition Lien and/or the Replacement Lien, and nothing herein shall be construed to affect any party's lien priority and/or limit their right to challenge any lien priority granted herein.

  8. Except as otherwise provided herein, or by Order of the Court, all demands, notices, requests, consents, reports, or other communications provided for hereunder shall be made in writing, and shall be deemed to have been given either upon (i) personal delivery, by courier or messenger service, and acknowledgment, by any officer (or authorized recipient of

5

deliveries to the office) of the party to whom given, as of the date and time so acknowledged, or (ii) due deposit into the United States mail, by first class mail. In all cases, such demands, notices, requests, consents, reports, or other communications shall be dispatched to the following addresses (or such other addresses as may be furnished hereafter, by written notice given in accordance with the terms of this paragraph):

    In the case of the Government:

        U.S. Small Business Administration
        National Disaster Loan Resolution Center
        200 West Santa Ana Boulevard
        Santa Ana, CA 92701
        Attn: Attorney Advisor Jeffrey Schervone
        Tel.: (212) 264-1482

        -and-

        United States Attorney's Office, Civil Division
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        Tel.: (212) 637-2822
        Fax: (212) 637-2786
        Email: Alyssa.O'Gallagher@usdoj.gov
        Attn: Alyssa B. O'Gallagher, Assistant U.S. Attorney

    In the case of Debtor:

        Avrum J. Rosen, Esq.
        Law Offices of Avrum J. Rosen, PLLC
        38 New Street
        Huntington, NY 11743
        Tel.: (631) 423-8527
        Email: arosen@ajrlawny.com

9.    Unless otherwise stated, all payments that the Government is entitled to receive, or that Debtor is required to provide to the Government pursuant to this Order, shall be directed to the following address:

6

>       U.S. Small Business Administration
>       Denver Finance Center
>       721 19th Street
>       Denver, CO 80202

10. Nothing contained in this Order shall be construed to create rights of third parties for or against the Government not otherwise provided by law.

11. This Stipulation and Order and each of its terms and conditions, is subject to the approval of the Court. In the event that the Court declines to approve this Stipulation and Order, it shall be null and void, with no force or effect.

12. The Court shall retain jurisdiction over all matters arising under or with respect to this Stipulation and Order.

Dated: New York, New York
December 8, 2023

          DAMIAN WILLIAMS
          United States Attorney for the
          Southern District of New York
          *Attorney for the SBA*

By:   */s/ Alyssa B. O'Gallagher*
       Alyssa B. O'Gallagher
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.: (212) 637-2822
       Fax: (212) 637-2786
       Email: alyssa.o'gallagher@usdoj.gov

Dated: Huntington, New York
December 8, 2023

By:   */s/ Avrum J. Rosen*
       Avrum J. Rosen
       LAW OFFICES OF AVRUM J. ROSEN, PLLC
       38 New Street
       Huntington, NY 11743
       Tel.: (631) 423-8527
       Email: arosen@ajrlawny.com
       *Attorney for Debtor*

SO ORDERED, this \_\_\_\_ DAY of JANUARY, 2024

_____
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE