IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| In re: | Case No. 23-11004-mew |
| **GEORGINA FALU CO, LLC,** | Chapter 11 |
| Debtor. | |

**SECURED CREDITOR'S OBJECTION TO (I) DEBTOR'S
USE OF CASH COLLATERAL AND (II) STIPULATION
AND ORDER PROVIDING ADEQUATE PROTECTION TO SBA**

U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2017-2 (the "Trust"), as a secured creditor and party in interest, objects to (i) the Debtor's use of its cash collateral and (ii) the Debtor's proposed cash collateral stipulation with the U.S. Small Business Administration ("SBA") [DE 35]. In support of the Objection, the Trust respectfully represents the following:

**CASH COLLATERAL USE OBJECTION**

1. Trust is supportive of maximizing the value of the Debtor's sole asset which constitutes its cash collateral. What is clear, unfortunately, is that the Debtor has provided no path forward for accomplishing this outcome. Instead, the Debtor wasted the past seven months in bankruptcy and provided no reorganization plan for monetizing its rental property while allowing multiple debts to increase daily. Under these facts, the protections proposed by the Debtor for the use of cash collateral is not sufficient to adequately protect the Trust's interests in the cash collateral, which erodes daily.

2. Consistent with the Court's *Interim Order Under 11 U.S.C. §§ 105, 361 and 363 and Fed. R. Bankr. P. 4001 Authorizing Debtor to Use Cash Collateral and Scheduling a Final Hearing Under Bankruptcy Rule 4001(B)* (the "Interim Order") [DE 33], the Debtor should be

1

permitted to use the Trust's cash collateral solely for preserving the Trust's collateral until the bankruptcy case is dismissed. Simultaneously herewith, Trust moved the Court to dismiss this stagnant single asset real estate entity Chapter 11 case ("SARE"), and in the alternative seeks mandatory stay relief because the Debtor failed to comply with the Bankruptcy Code's SARE requirements.

3. The SBA is a junior lienholder to the Trust, and the Court cannot authorize any priming of the Trust's first priority blanket lien on all of the Debtor's assets. In addition, the Trust's prepetition claim is under-secured. As such, additional or replacement liens on the same collateral simply increases the amount by which the Trust is under-collateralized.

4. Further, while the Debtor has made no debt service payments to the Trust in several years, it inequitably proposes paying $368.00 monthly adequate protection payments to the SBA without identifying the revenue source. The Interim Order prohibits the Debtor from using rental income for these payments, and if the Debtor has a financing source to make such payments it must be disclosed and approved by this Court.

5. Notwithstanding the seven-month delay, if the Court grants the Debtor permission to use cash collateral, it should be conditioned upon providing the Trust an administrative claim as provided in Section 507(b) of the Bankruptcy Code. Budget variances should be measured on a weekly basis, established with weekly receipt and expenditure reconciliation reporting, and should be limited to 5% variances on both a line item and aggregate basis. The proposed order should have clear milestones and customary events of default that trigger the Trust's right to terminate the use of cash collateral. Moreover, any approval of use of cash collateral should be capped and limited to 30-day periods while the Debtor establishes a path to a meaningful reorganization or strategy for monetizing the rental property.

6.      The Trust reserves its right to supplement these objections to the Debtor's proposed use of cash collateral and provision of adequate protection prior to the final hearing.

**WHEREFORE**, the Trust respectfully requests that this Court issue an Order (i) denying Debtor's continued use of the Trust's cash collateral, (ii) denying SBA lien priority over the Trust or replacement liens pari passu with the Trust, and (iii) granting such other relief as the Court deems just and proper.

Dated: January 11, 2024

By: */s/ Gregory Sanda*
Gregory Sanda, NYBN 4446340
Andrew Kamensky, NYBN 4963757
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
gsanda@mtglaw.com
akamensky@mtglaw.com
*Attorneys for Velocity Commercial Capital Loan Trust 2017-2*

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing in the above captioned case was this day served upon the below named persons by either United States Mail or Electronic Mail at the addresses shown below:

**VIA U.S. MAIL:**
Georgina Falu Co, LLC
175 W. 95th Street, 25B
New York, NY 10025

**VIA CM/ECF:**
Avrum J. Rosen
Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, NY 11743

Alex E. Tsionis
Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, NY 11743

Mark Bruh
United States Trustee
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Dated: January 11, 2024

Respectfully submitted,

By: /s/ Gregory Sanda
Gregory Sanda, 4446340
MCMICHAEL TAYLOR GRAY, LLC
Attorney for Creditor
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: 404-474-7149
Facsimile: 404-745-8121
E-mail: gsanda@mtglaw.com
MTG File No.: 23-000605-02